UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JODY K.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CASE NO. 3:19-CV-5952-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

       Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

       After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly evaluated Plaintiff's testimony. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

On March 31, 2016, Plaintiff filed an application for DIB, alleging disability as of March 18, 2015. *See* Dkt. 8, Administrative Record ("AR") 22. The application was denied upon initial administrative review and on reconsideration. *See* AR 22. A hearing was held before ALJ Malcolm Ross on May 3, 2018. *See* AR 22. In a decision dated October 3, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 36. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 19; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly considering: (1) Plaintiff's testimony; (2) the medical opinion evidence; and (3) the lay witness testimony. Dkt. 10.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

**I.      Whether the ALJ properly considered Plaintiff's testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Dkt. 10, pp. 2-10.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the

1   claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless

2   affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the

3   claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of

4   credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

5   Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*,

6   749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility

7   determination where that determination is based on contradictory or ambiguous evidence. *Id.* at

8   579.[1]

9        Plaintiff alleges various issues with cramping in her legs and with pain. For example,

10  Plaintiff reported that her leg cramps often impact her sleep and causes her to be unable to sit for

11  long periods of time because of pain. AR 241. Plaintiff was able to cook but needed to alternate

12  between sitting, standing, and lying down. AR 245. Plaintiff asserted doing sedentary tasks was

13  dependent on her pain on a given day. AR 245, 272. On a good day, Plaintiff testified she can

14  fold a load or two of laundry and prepare it to be put away. AR 59. Plaintiff further testified that

15  she can sometimes do the dishes or cook a meal, but her ability to do so is entirely consistent on

16  how she feels and if she has "had a bad day or a bad flare[.]" AR 59. Plaintiff indicated she

17  would be unable to perform even a sedentary job due to her limitations. AR 72. In two function

18  reports, Plaintiff stated that sitting for too long causes lower back and tail bone pain and also

19  indicated she is unable to stand for long periods of time. AR 241, 270.

20

21  _____

22       [1] On March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's
     subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24,
     2016). The term "credibility" is no longer used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer
     an examination of a claimant's character. *See id.* at *10 ("adjudicators will not assess an individual's overall
23   character or truthfulness"). However, the applicable Ninth Circuit case law still refers to the term "credibility." *See*
     *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth
24   Circuit precedent). Thus, the Court will use "credibility" and "subjective symptom testimony" interchangeably.

1    The ALJ evaluated Plaintiff's testimony and found that "[Plaintiff's] medically

2    determinable impairments could reasonably be expected to cause some of the alleged symptoms;

3    however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of

4    these symptoms are not entirely consistent with the medical evidence and other evidence in the

5    record…" AR 28. The ALJ discounted Plaintiff's testimony for two reasons: (1) the objective

6    medical evidence of record is "not consistent with the degree of limitation [Plaintiff] alleges";

7    and (2) Plaintiff's "records indicate actual functioning in her daily activities" that are

8    "inconsistent with the degree of limitation alleged." AR 28.

9    First, the ALJ discounted Plaintiff's testimony because her testimony is inconsistent with

10   the medical evidence of record. AR 28. Determining that a claimant's complaints are

11   "inconsistent with clinical observations" can satisfy the clear and convincing requirement.

12   *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998); *see*

13   *also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, an ALJ "may not

14   disregard [a claimant's credibility] solely because it is not substantiated affirmatively by

15   objective medical evidence." *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th

16   Cir. 2006); *see Orteza v. Shalala*, 50 F.3d 748, 749-750 (9th Cir. 1995); *Byrnes v. Shalala*, 60

17   F.3d 639, 641-642 (9th Cir. 1995). Thus, the ALJ cannot discount Plaintiff's testimony on this

18   basis alone. But, the only other reason the ALJ gave for discounting Plaintiff's testimony is

19   because the testimony was inconsistent with Plaintiff's activities of daily living, and, as

20   discussed below, this second reason is not clear and convincing. Therefore, the ALJ's first reason

21   is the only potentially valid reason for discounting Plaintiff's subjective symptom testimony. As

22   the ALJ may not discount Plaintiff's testimony solely because the testimony is unsupported by

23   the objective medical evidence, the Court need not consider if the ALJ's first reason is supported

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1    by substantial evidence. Therefore, the Court finds the ALJ's first reason for discounting

2    Plaintiff's testimony is not adequate to affirm the ALJ's decision to discount the testimony.

3           The ALJ's next discounted Plaintiff's testimony because it is inconsistent with Plaintiff's

4    activities of daily living. AR 28. There are two grounds under which an ALJ may use daily

5    activities to form the basis of an adverse credibility determination: (1) whether the activities

6    contradict the claimant's other testimony, and (2) whether the activities of daily living meet

7    "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

8    In this case, the ALJ referred to the first ground by claiming Plaintiff's activities were

9    inconsistent with her allegations. *See* AR 28. Although the ALJ claimed Plaintiff's daily

10   activities were inconsistent with her allegations, he failed to specify what activities he was

11   referring to and failed to explain *how* any of the cited activities undermined Plaintiff's testimony.

12   *See* AR 28. As the ALJ did not explain "*which* daily activities conflicted with *which* part of

13   [Plaintiff's] testimony," he erred. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014)

14   (emphasis in original); *see also Lester*, 821 F.3d at 834 (citation omitted) ("General findings [of

15   credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and

16   what evidence undermines the claimant's complaints.").

17          Accordingly, the ALJ's conclusion that Plaintiff's activities show she is more functional

18   than she alleges is not a clear and convincing reason to discount Plaintiff's testimony. *See*

19   *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (recognizing "disability claimants should

20   not be penalized for attempting to lead normal lives in the face of their limitations").

21          For the above stated reasons, the Court finds the ALJ has not provided a clear and

22   convincing reason for discounting Plaintiff's subjective symptom testimony. Accordingly, the

23   ALJ erred.

24

1    "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

2    F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

3    claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

4    *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

5    F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

6    application of judgment" by the reviewing court, based on an examination of the record made

7    "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

8    1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

9           Plaintiff testified to greater limitations than were included in the residual functional

10   capacity ("RFC"). For example, Plaintiff testified that sitting for too long causes lower back and

11   tail bone pain and that she is unable to stand for long periods of time. AR 241, 270. In contrast,

12   the ALJ did not include any information regarding Plaintiff's ability to sit and stand in the RFC.

13   *See* AR 27. Had the ALJ properly considered Plaintiff's testimony, he may have included

14   additional limitations in the RFC and in the hypothetical questions posed to the vocational

15   expert. As the ultimate disability determination may have changed, the ALJ's error is not

16   harmless and requires reversal. The ALJ is directed to reassess Plaintiff's testimony on remand.

17          **II.     Whether the ALJ properly considered the medical opinion evidence.**

18          Plaintiff contends the ALJ provided too much weight to Dr. Gary Gaffield's opinion and

19   improperly discounted PAC David Kirkpatrick's opinion. Dkt. 10, pp. 10-13.

20          In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

21   reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*,

22   81 F.3d at 830 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849

23   F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted,

24

1  the opinion can be rejected "for specific and legitimate reasons that are supported by substantial

2  evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043

3  (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish

4  this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

5  stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing

6  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "Other medical source" testimony "is

7  competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to

8  disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*,

9  236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir.

10  2010). "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557

11  F.3d 1113, 1115 (9th Cir. 2009).

12      A.  Dr. Gaffield

13      Consultative examiner Dr. Gaffield opined Plaintiff could lift and/or carry 50 pounds

14  occasionally and 25 pounds frequently. AR 434. He also found Plaintiff could stand and/or walk

15  no more than 6 hours in an 8-hour day and had no limitations in her ability to sit. AR 434. Dr.

16  Gaffield opined Plaintiff needs to avoid heights, stairs, ladders, scaffolding, and major obstacles

17  in her pathway. AR 434.

18      The ALJ provided great weight to Dr. Gaffield's opinion, finding that the opinion "was

19  generally consistent with the longitudinal record and with his examination." *See* AR 33. Plaintiff

20  argues the ALJ improperly provided great weight to Dr. Gaffield's opinion because all of

21  impairments the ALJ found as severe caused Plaintiff pain, and the ALJ failed to "consider the

22  impact of this pain when weighing the evidence[,]" which he was required to do. Dkt. 10, p. 11.

23  Further, Plaintiff asserts that the ALJ "could not simply rely on a consistency between the

24

1   objective findings in the record and the objective findings from the examining source's

2   examination." *Id*. Plaintiff's argument is unpersuasive, for two reasons. First, Plaintiff's assertion

3   that the ALJ failed to consider the impact of Plaintiff's pain in assessing Dr. Gaffield's opinion is

4   incorrect. The ALJ included greater limitations in Plaintiff's RFC than Dr. Gaffield opined to "in

5   order to account for [Plaintiff's] pain complaints along with her morbid obesity." AR 33. Thus,

6   the ALJ clearly considered the impact of Plaintiff's pain in assessing Dr. Gaffield's opinion.

7        Second, Plaintiff's claim that the ALJ could not rely on a consistency between the record

8   and Dr. Gaffield's opinion in providing the opinion great weight runs contrary to SSA

9   regulations. In fact, the SSA indicates that "the more consistent a medical opinion is with the

10  record as a whole, the more weight we will give to that medical opinion." 20 C.F.R. §

11  404.1527(c)(3)-(4). Accordingly, Plaintiff's argument that the ALJ provided too much weight to

12  Dr. Gaffield's opinion is unfounded.

13       B.  <u>Mr. Kirkpatrick</u>

14       Mr. Kirkpatrick, an "other" source per SSA regulations, was Plaintiff's treating PAC. *See*

15  AR 441-444. Mr. Kirkpatrick opined to several limitations as a result of Plaintiff's impairments.

16  *See id*. For example, Mr. Kirkpatrick opined Plaintiff would miss two full workdays or more a

17  month even if performing a simple, routine, sedentary job because of her impairments. AR 441.

18  He found Plaintiff could occasionally lift and/or carry up to 15 pounds and could frequently lift

19  and/or carry up to 10 pounds in an 8-hour workday. AR 441. He stated Plaintiff had a marked

20  limitation in her concentration, persistence, or pace. AR 442.

21       The ALJ discussed Mr. Kirkpatrick's opinion and provided it low weight for two reasons:

22  (1) it is inconsistent with the record; and (2) it is internally inconsistent. AR 33-34.

23

24

1    The Court finds the ALJ's first reason is germane. The ALJ provides two examples in

2    support of his conclusion that Mr. Kirkpatrick's opinion is inconsistent with the record. First, he

3    notes "the evidence does not support restrictions for carpal tunnel syndrome as [Plaintiff's]

4    release surgery fully addressed this condition…" AR 33, citing AR 430. Next, the ALJ notes

5    many of Plaintiff's activities, including activities involving the use of her hands (i.e. crocheting,

6    sewing, crafts, working on a computer), demonstrate Mr. Kirkpatrick's opinion describes overly

7    restrictive manipulative limitations. AR 33, citing AR 430, 435. While Plaintiff's activities of

8    daily living do not necessarily show she has the functional capacity to engage in substantial

9    gainful activity, they do support the conflict the ALJ identified with Mr. Kirkpatrick's opinion.

10   The role of the Court is not to reweigh the evidence and arrive at an independent conclusion.

11   *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). The ALJ is responsible for resolving

12   ambiguities and conflicts in the medical evidence. *Reddick*, 157 F.3d at 722. If the evidence "is

13   susceptible to more than one rational interpretation," including one supporting the decision of

14   the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278

15   F.3d 947, 954 (9th Cir. 2002) (*citing Morgan*, 169 F.3d at 599, 601). Thus, because substantial

16   evidence supports the ALJ's conclusion, the Court finds the first reason for discounting Mr.

17   Kirkpatrick's opinion is germane.

18         While the ALJ had an additional reason to discount Mr. Kirkpatrick's opinion, the

19   Court need not consider whether this reason contained error, as any error would be harmless

20   because the ALJ gave a germane reason to discount the opinion. *See Presley-Carrillo v.

21   Berryhill*, 692 F. Appx. 941, 944-945 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec.

22   Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (noting that although an ALJ erred with regard to

23   one reason he gave to discount a medical source, "this error was harmless because the ALJ

24

1  gave a reason supported by the record" to discount the source). Accordingly, the Court finds

2  the ALJ properly discounted Mr. Kirkpatrick's opinion.

3      **III.      Whether the ALJ properly evaluated the lay witness testimony.**

4          Plaintiff asserts the ALJ improperly rejected the lay witness testimony. Dkt. 10, pp. 13-

5  16. The Court concludes the ALJ committed harmful error in assessing Plaintiff's testimony and

6  must re-evaluate her testimony on remand. *See* Section I, *supra.* Because Plaintiff will be

7  allowed to present new testimony and new evidence on remand and because the ALJ's

8  reconsideration of Plaintiff's testimony may have an impact on his assessment of the lay witness

9  testimony, the ALJ must reconsider the lay witness testimony on remand.

10                          CONCLUSION

11          Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

12  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

13  this matter is remanded for further administrative proceedings in accordance with the findings

14  contained herein.

15          Dated this 10th day of March, 2021.

16

17

18                                          David W. Christel
                                            United States Magistrate Judge

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10