UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JODY K.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 3:19-CV-5952-DWC

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)

On March 10, 2021, this Court entered judgment for Plaintiff, finding that Defendant's decision to deny Plaintiff's application for disability insurance benefits was not supported by substantial evidence, and ordering this case to be remanded for further proceedings. Dkt. 15. Presently before the Court is Defendant's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion"). Dkt. 16.

The Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error. *See Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e)

provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

Defendant argues the Court should alter the judgment and reverse its decision to remand this case for further proceedings because the Court's decision was based on a clear error of law. Dkt. 16, pp. 2-6.

In its order, the Court found that the Administrative Law Judge ("the ALJ") provided valid reasons for discounting the opinions of Gary Gaffield, D.O. and physician's assistant David Kirkpatrick. Dkt. 14, pp. 6-10.

However, the Court found that the ALJ improperly concluded that Plaintiff's testimony concerning her physical impairments was inconsistent with her activities of daily living. Dkt. 14, pp. 2-6. The Court found that the ALJ erred by not specifying which of Plaintiff's activities of daily living were inconsistent with her symptom testimony. *Id.* at 5, citing *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

In the hearing decision, the ALJ summarized Plaintiff's testimony concerning her symptoms, which include difficulty walking, rolling body cramps that cause incontinence, neuropathic pain in her extremities, numbness, a "pins and needles" sensation, and difficulty typing for more than two or three minutes without feeling pain. AR 27-28, 55-57, 68-70.

The ALJ found that despite Plaintiff's allegations, she was able to perform a wide range of activities, including driving, shopping, performing personal care, working on her computer, and doing household chores. AR 31, 35, 64-65. The ALJ found that despite her allegations, Plaintiff was able to engage in activities that involve the use of her extremities, such as sewing, crocheting, and driving, which is inconsistent with her allegations concerning pain, numbness, and difficulty using her hands and feet without pain. AR 31, 33, 35, 430.

As such, while the ALJ found that Plaintiff's self-reported activities of daily living were generally inconsistent with her allegations, the ALJ also found that Plaintiff's allegations concerning neuropathic pain, numbness, and manipulative limitations were inconsistent with her ability to engage in activities such as driving, sewing, and crocheting. *Id.*

Accordingly, the Court finds that the ALJ specifically identified which of Plaintiff's activities were inconsistent with her symptom testimony, and provided a clear and convincing reason for discounting Plaintiff's testimony concerning her physical symptoms.

In its order, the Court declined to consider whether the ALJ properly discounted lay witness statements from Plaintiff's spouse and friend. Dkt. 10, pp. 13-16; Dkt. 14, p. 10.

During the hearing, Plaintiff confirmed that she completed the function report attributed to her husband. AR 34, 60-61, 233-40, 241-48. In rejecting testimony from Plaintiff's friend, the ALJ found that this testimony repeated many of Plaintiff's more extreme allegations, a conclusion supported by the record. AR 34, 296-97. As such, the testimony of Plaintiff's spouse and friend concerning her functional limitations was similar to Plaintiff's own symptom testimony, which the ALJ properly discounted for the reasons discussed above. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (an ALJ may reject lay witness testimony for the same reasons she rejected a claimant's subjective complaints if the lay witness statements are "similar to such complaints.").

Even if the ALJ had failed to address this evidence, any error would likely have been harmless. *Molina v. Astrue*, 674 F.3d 1104, 1122 (explaining that, even when the ALJ fails to comment upon certain testimony, such failure is harmless when the ALJ's reasons for rejecting other testimony "apply with equal force" to the ignored testimony).

Accordingly, Defendant's Motion is GRANTED and Defendant's decision to deny benefits is AFFIRMED.

Dated this 30th day of April, 2021.

*David W. Christel*
David W. Christel
United States Magistrate Judge

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 59(E) - 4